Iris **WILLIAMS**, Claimant/Appellant,

v.

**WALGREEN CO. ILLINOIS,**
**and Division of Employment**
**Security, Respondents.**

No. ED 86518.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 13, 2005.

Thomas D. Boggs, St. Louis, MO, for respondent Walgreens.

Iris G. Williams, St. Louis, MO, appellant acting pro se.

Cynthia A. Quetsch, Jefferson City, MO, for respondent Labor and Industrial Relations Commission.

GLENN A. NORTON, Chief Judge.

Iris Williams (Claimant) appeals from the Labor and Industrial Relations Commission (Commission) decision dismissing her application for review as untimely. We dismiss the appeal for lack of jurisdiction.

A deputy of the Division of Employment Security (Division) determined that Claimant was disqualified from unemployment benefits because she was discharged for misconduct connected with work. Claimant appealed to the Appeals Tribunal. After a hearing March 31, 2005, the Appeals

Tribunal affirmed the deputy's decision. On April 8, 2005, the Appeals Tribunal issued and mailed its written decision to Claimant. At the bottom of its decision, the Appeals Tribunal sets forth "Appeal Rights," which advises Claimant that if she disagrees with the decision, she may file an application for review to the Labor and Industrial Relations Commission. The information further provides that the application for review must be filed within thirty (30) days from the date of the decision.

Claimant filed an application for review with the Commission on May 17, 2005. The Commission dismissed the application for review, concluding it was untimely under section 288.200, RSMo 2000. Claimant now appeals to this Court.

Section 288.200.1, RSMo 2000, provides that a claimant has only thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Here, the Appeals Tribunal certified that it mailed its decision to Claimant on April 8, 2005. Therefore, Claimant's application for review to the Commission was due thirty days later. Section 288.200.1. Claimant faxed her application for review to the Commission on May 17, 2005, which is outside the thirty-day time limit.

This Court issued an order directing Claimant to show cause why her appeal should not be dismissed. In her response to this Court, Claimant asserts that the attorney for Employer in her related case with the Equal Employment Opportunity Commission (EEOC) told her that he would "postpone the hearing with unemployment." She claims that her late filing of the application for review to the Commission was due to the attorney's false and misleading information.

Claimant has attached to her response a portion of an agreement signed by her and the Employer's EEOC attorney. Claimant signed the agreement on May 20, 2005, while Employer's attorney signed it on May 31, 2005. Paragraph Five of the agreement provides that "Subsequent to the date of this Agreement, [Employer] agrees not to oppose any unemployment claim or appeal of such claim by [Claimant]." The Employer's attorney did not sign this agreement until May 31, 2005, well after Claimant's application for review was due. In fact, she had already filed the application for review on May 17, 2005, before she even signed the agreement. In her letter, she states that Employers' attorney stated on April 29, 2005 that he would postpone the hearing on the unemployment. Yet, the hearing had occurred on March 31, 2005 and the Appeals Tribunal issued its decision on April 8, 2005. The information provided to Claimant with the Appeals Tribunal's decision clearly informed Claimant that she had to file an application for review within thirty days.

Moreover, even if the lateness of Claimant's application for review is understandable, there are unfortunately no provisions in the unemployment statutes that would provide an exception for Claimant's untimely filing. The unemployment statutes do not provide any mechanism for filing a late application for review with the Commission. *Crowden v. General Sign Co.*, 133 S.W.3d 562, 563 (Mo.App. E.D.2004). Therefore, despite Claimant's reasons, the untimely filing of the application for review is fatal. The timely filing of an application for review in an unemployment case is jurisdictional and requires strict compliance. *Guebert v. Professional Installers, Inc.*, 128 S.W.3d 615, 615 (Mo.App.E.D. 2004). Claimant's failure to file a timely application for review divests the Commission, and ultimately this Court, of jurisdiction. *Moore v. Northview Village, Inc.*, 125 S.W.3d 347, 348 (Mo.App. E.D.2004).

The Claimant's appeal is dismissed for lack of jurisdiction.

KATHIANNE KNAUP CRANE, J., and BOOKER T. SHAW, J., concur.