**Rashon DAY, Claimant/Appellant,**

v.

**TRC STAFFING SERVICES, and Division of Employment Security, Respondents.**

No. ED 88061.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 30, 2006.

Cynthia A. Quetsch, Jefferson City, MO, for Respondent.

Rashon Day, Saint Louis, MO, Claimant/Appellant acting pro se.

TRC Staffing Services, Inc., Nashville, TN, Respondent acting pro se.

GLENN A. NORTON, Chief Judge.

Claimant Rashon Day appeals from the Labor and Industrial Relations Commission's decision reversing the Appeals Tribunal's conclusion that he was not disquali-

fied for unemployment benefits. Because Claimant's notice of appeal to this Court is untimely, we have no recourse but to dismiss his appeal.

Claimant sought unemployment benefits after being discharged from his job with TRC Staffing Services (Employer). A deputy concluded that his discharge was not for misconduct connected with work. Employer appealed this determination to the Appeals Tribunal. The Appeals Tribunal affirmed the deputy's determination with a slight modification. Employer then appealed to the Commission, who reversed the Appeals Tribunal's decision. Claimant then filed his appeal to this Court.

In response to the appeal, the Division has filed a motion to dismiss the appeal for lack of a timely notice of appeal. We agree that Claimant's notice of appeal to this Court is untimely. The unemployment statute provides that a notice of appeal to this Court from the Commission's decision must be filed within twenty days after the decision becomes final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decision to Claimant on April 6, 2006. Therefore, Claimant's notice of appeal was due on Tuesday, May 9, 2006. Sections 288.200.2, 288.210. The Secretary for the Commission has certified that Claimant's notice of appeal was filed by fax on May 16, 2006. The notice of appeal is untimely.

We are constrained by the provisions of the unemployment statutes. There is no provision in those statutes for the late filing of a notice of appeal. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). When the notice of appeal to this Court is untimely, this Court is deprived of any jurisdiction to entertain the appeal. *Williams v. Walgreen Co. Illi-* *nois*, 171 S.W.3d 167, 168 (Mo.App. E.D. 2005). Therefore, when a claimant has filed a late notice of appeal, this Court's only recourse is to dismiss the appeal, despite the merit of the appeal or the reasons for its lateness. While this result may seem harsh, this Court has no alternative.

The Division's motion to dismiss is granted. Claimant's appeal is dismissed for lack of jurisdiction.

KATHIANNE KNAUP CRANE, J. and ROBERT G. DOWD, JR., J., concurring.